**MISA TAUSULU of Ofu, Appellant**

**v.**

**VAO FAOA, APEAPE, and LOISULU, all of Ofu, Appellees**

## No. 7A-1959

## High Court of American Samoa

Civil Jurisdiction, Appellate Division

[Land: "Togalei" in Ofu]

## May 25, 1959

---

### OPINION AND JUDGMENT AS MODIFIED

Heard at Fagatogo on April 6, 1959, before MORROW, *Chief Justice*, and FAUMUINA and MAILO, *Temporary Associate Judges*.

Faufano, counsel for Appellant.

Nikolao, counsel for Appellees.

MORROW, *Chief Justice*

This is an appeal from an order dismissing the appellant's petition for an order requiring the appellees to vacate certain land and a guest house located thereon in Ofu (the land was alleged by the appellant to be Togalei), so that the appellant would "be able to take possession of the said land for the purposes of dwelling and re-erecting a new guest fale for himself and his Family Misa who are supporting the dignity and honor of the title name Misa."

Amendments, Nos. 11–59, 1952, 10, Sec. 213, to the A. S. Code provide that "The Appellate Division of the High Court on appeal . . . shall have power to affirm, modify, set aside, or reverse the judgment or order appealed from . . . and to remand the case with such directives for a new trial or for the entry of judgment as may be just. The findings of fact of the Trial and Probate Divisions of the High Court

in cases tried by them shall not be set aside by the Appellate Division of that court unless clearly erroneous. . . ."

The appellant is the matai of the Misa Family in Ofu. The appellees are members of the Misa Elia branch of the Misa Family. The appellees were occupying the guest house, claiming it was on land individually owned by the descendants of Misa Elia.

At the hearing before the trial court, the appellant claimed that the guest house was on the land Togalei, that Togalei was the malae of the Misa Family, and that Togalei was the communal family land of the Misa title. The appellees claimed that the guest house was not on the land Togalei, but on the land Auma; that Auma had been given to Misa Elia by one Leui prior to the establishment of the Government in 1900; that the gift was to Misa Elia as an individual and that Auma then became the individually owned land of Misa Elia and it was presently the individually owned property of his blood descendants, and that the occupation of Auma by the appellees was through a share in the ownership derived by Vao from Misa Elia through Misa Vaeva, the blood son of Elia. Vao is a blood daughter of Misa Vaeva.

There is no record title of either the land Togalei or Auma. Neither has ever been surveyed and registered. There is no legal description of either land on record. The events upon which a correct decision of the case depended occurred before the establishment of the Government and many years prior to the birth of any of the witnesses. In other words, not a single witness had any personal knowledge of the events giving rise to the ownership of either piece of land. There was not a shred of written evidence bearing upon the ownership of either piece.

As stated by Chief Justice Wyche in the case of *Levale et al. v. Toaga*, No. 26A-1945 (H.C. of Am. S.), "The question of title to real estate in American Samoa is always a

difficult one to solve for the reason that in most cases there is no recorded title to nor description of property. Title to real estate is generally proved by family tradition."

It was necessary for the trial court to rely upon family tradition in reaching its conclusion as to the ownership of the land involved. Vao testified that the land on which the guest fale was located was the individually owned property of Misa Elia, her grandfather, according to the tradition in the Misa Elia branch of the Misa Family, of which branch she is a member through descent from Elia. She also testified in substance that Misa Elia was married to one Sina, her grandmother; that Sina was the daughter of one Leui, and that Leui gave the land involved to Misa Elia because Misa Elia's wife was the daughter of Leui. The present Leui, a witness for the appellees, testified that the tradition in the Leui Family was to the same effect. Misa Tausulu, the appellant, testified that the land involved was Togalei, the communal family land of the Misa title according to the tradition in the Misa Family, and that the guest house on it was the guest house of the Misa.

It should be noted that the foregoing testimony on both sides was based upon family tradition and that no witness had any actual knowledge of the events upon which the ownership of the land depended. Family tradition is just hearsay handed down from generation to generation.

We have considered the argument on the appeal and have examined the transcript of the testimony taken at the trial. We believe that the trial court was misled as to the facts by the testimony of Vao who was a candidate in the Misa title case, No. 7-1951 (H.C. of Am. S.). In her genealogy filed by her in that case she gave her grandmother, who was the wife of her grandfather Misa Elia, as the daughter of Asa Futi whereas in this case she testified that Sina was the wife of Misa Elia, that Sina was her grandmother and that her grandmother (the wife of Misa

Elia) was the daughter of Asa Futi. If this be true, then her testimony in this case that her grandmother (the wife of Misa Elia) was the daughter of Leui is not correct.

Vao was present at the hearing of the appeal and could have denied her statement in the genealogy as to who her grandmother was when the inconsistency between her statement on that matter at the trial and in the genealogy was pointed out by counsel for the appellant. She made no denial.

It should be stated at this point that the High Court takes judicial notice of its own records. "A court will take judicial notice of its own records for all proper purposes, including records in cases tried in, and removed from, another court. Accordingly a court, by the use of judicial notice of its records, may ascertain such facts as that a certain case or appeal is or is not pending, that a claim is or is not barred by the statute of limitations, and other facts which may be obtained from the records." 31 C.J.S. pp. 619–620. Her genealogy filed by Vao in the Misa title case heard by the High Court is a part of the record in that case.

We think that Vao knows more about who her grandmother was than the present Leui and that her grandmother, the wife of Misa Elia, was the daughter of Asa Futi, as she stated in her genealogy. In preparing her genealogy for filing in the Misa title case, she had no motive to tell anything else than the truth as to the identity of her grandmother.

It should be stated that Misa Elia was succeeded by Misa Vaeva who was the father of the witness Vao.

A portion of the testimony of Vao while on the witness stand, as shown by the transcript, is as follows:

"Q  Where was the guest house of Vaeva?
"A  On the land now in dispute.
"Q  Togalei?
"A  Yes.

"Q Who preceded Vaeva?

"A You mean the title holder?

"Q Yes.

"A My grandfather Misa Elia . . .

"Q Now you are living in the guest house, that is the defendants are, that Vaeva occupied, is that right?

"A Honorable Court, yes.

"Q And Elia lived in that guest house before Vaeva, is that right?

"A Yes.

"Q Elia then lived on the land Togalei, had his guest house there?

"A Yes . . .

"Q Well, who built the original guest house on Togalei?

"A Misa Elia.

"Q That was your grandfather?

"A Yes.

"Q That was a long time before the establishment of the government?

"A Yes . . .

"Q Now, Elia you say built the guest house on Togalei?

"A That is what my father told me."

In another part of her testimony Vao, in response to the question, "What is the name of the location of the guest house of Misa known in Ofu and also his malae?" answered "Togalei."

After telling the trial court under oath that the guest house was on the land Togalei, as appears from the foregoing, she changed her testimony and said that the name of the guest house was Togalei but that it was located on the land Auma. In response to the question "What is the name of the land now in question which the house (meaning the guest house) is located?" she answered "Auma."

It thus appears from parts of her quoted testimony that the appellees were occupying the guest house of Vao's father, Misa Vaeva; that the guest house was the same as that of Misa Elia, Vao's grandfather, and that Misa Elia

built the guest house on the land Togalei and that the land Togalei is the malae of the Misa title. It also appears from other parts of Vao's testimony that the guest house was on the land Auma and that Auma was given to Misa Elia because of his marriage to Sina, a daughter of Leui. It appears from Vao's genealogy filed in the Misa title case that Elia was married to a daughter of Asa Futi. The obvious inconsistencies in her testimony as well as the statement by her in her genealogy that her grandmother was the daughter of Asa Futi and consequently not the daughter of Leui, as she testified in this case, lead us to believe that her testimony misled the trial court.

It appeared at the hearing on the appeal that the guest house of the Misa title, which house the appellees Vao, Apeape, and Loisulu were occupying when the appellant's original petition was filed and from which he sought to evict them, was blown down by the hurricane in Manua during the latter part of February, 1959 and that it has not been rebuilt. Obviously, the appellees are not now occupying it.

Since we are convinced that the testimony of Vao at the trial misled the trial court as to the true facts of the case, it follows that the judgment should be modified. The Court on appeal believes from its examination of all the testimony at the trial and Vao's statement in her genealogy filed in the Misa title case that the land involved is Togalei, that it is the communal family land of the Misa Family, that it is the malae of the Misa and that the guest house on it, now blown down by the hurricane and consequently not now occupied, was the guest house of the Misa.

### JUDGMENT

Accordingly, the original order of the trial court is hereby modified to read as follows and the same is hereby made the judgment of the Court:

1. The land Togalei is adjudged to be the communal family land of the Misa Family.

2. Togalei is adjudged to be the malae of the Misa title.

3. Vao Faoa, Apeape, and Loisulu are hereby ORDERED not to interfere with the construction or reconstruction of the guest house of the Misa on the site on Togalei where the guest house of the Misa stood before it was blown down in the hurricane late in February 1959; nor shall they, or any of them, interfere with the occupation and use by the Misa of any such guest house, whether newly constructed or reconstructed.

Costs in the sum of $8.00 are hereby assessed against Vao Faoa, Apeape, and Loisulu, the same to be paid within 30 days.